PER CURIAM.
Both plaintiff and defendant are applying for a rehearing in this case.
Plaintiff, in his application for rehearing complains of our failing to pass upon his plea of prescription of ten years coupled with a deed translative of title. With regard to this plea we state that the opinion rendered by us acknowledges that his deed included the property in question and was one translative of property. We further acknowledge that possession of a part of the property is possession of the whole. We further hold that he and his immediate author in title have had possession of the property (civil in so far as the property in dispute is concerned) for more than ten years. We find merit in his plea, but saw fit not to pass upon the said plea due to our conclusion on the merits of the case. His application will be refused.
Defendant, in his application for rehearing, complains of several alleged errors committed by us. These errors will be discussed in the order in which they appear in his application.
His first complaint is that we used the Edwards’ plat of survey showing the “Long Point Bend” contending that Mr. Edwards had not surveyed the area of the said “Long Point Bend”. Mr. Edwards, on his plat, stated that he had actually surveyed and calculated the property of Mr. Baker “except that portion of Sec. 40 which lies between the public road and Bayou Bouef, the area of which I calculated by taking the Government meanders of said Bayou.1’ (Italics ours). His plat shows “About 71 acres” for the “Long Point Bend.” His reason for doing so, the government gave the meanders of the Bayou to the north, ■west and south of the property and there existed on the ground, visible to him, a public road to the east. He evidently surveyed this public road, and then using the government measurements of the meanders calculated the approximate area. Nevertheless, we do not see wherein this is material to the issues in the case in that the area of the “Long Point Bend” is not at issue. The sale of Baker to Fouqua is one of per aversionem.
The next alleged error committed by us is that we misinterpreted the act of partition and quitclaim deed which is in the record. He complains that such act is not one of partition between Baker and the heirs of his deceased wife. In short, the act specifically states that it is an act of partition and quitclaim. The act states that the heirs of the deceased wife received a certain sum of money as their share of the property. Whether it be an act of partition or not, the heirs definitely quitclaimed all of their rights, title and interest in all of the property formerly comprising the community between their father, Mr. Baker, and their deceased mother. He further contends that Mr. Beall was not a party to the act. This does not alter the legal effect of the act. It was stipulation for another, - which was accepted by Beall in his transfer from himself to Dr. Prince.
The defendant further complains that we did not give credence to the lay testimony in the record to the effect that defendant and his author in title have had the possession of the disputed property. In answer, we did consider this matter in passing on his pleas of prescription. We did not go into detail because we held that his deed did not include the property in contest and that he could not “tack” the possession of his author in title to his for lack of privity in contract, and the evidence showed that he, personally, did not possess the property for a sufficient length of time to allow him to claim a prescriptive title to the property.
After a careful review of the record and the briefs of the litigants we are now firm in our conviction that the plaintiff has fully borne the burden of proof and has fully established his title to the property in dispute. Citation of authorities is not necessary to substantiate the proposition that real estate may be transferred by name, such as a plantation, *327 farm or estate designated by a certain name; and when this is done, in case of error in parcel described such as in the bounds, the name of the property will prevail. In this case, Baker sold to Fouqua the “Long Point Bend” without reservation, thus including in the sale the property in dispute.
Finding no errors committed by us, the applications for rehearing on behalf of plaintiff and defendant are refused.